UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA BEHLING, an individual

    Plaintiff,

v.                                Case No: 2:14-cv-250-FtM-38DNF

STAHLMAN POOL COMPANY,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. 14) filed on June 20, 2014. Plaintiff filed a response in opposition (Doc. 15) on July 3, 2014. This matter is ripe for review.

**Background**

On May 8, 2014, Plaintiff Joshua Behling filed a one count Complaint against Defendant Stahlman Pool Company under the Fair Labor Standards Act (FLSA) for unpaid overtime wages. (Doc. 1). The Complaint alleges Stahlman employed Behling as a pool repair technician, without any supervisory or managerial duties. (Doc. 1, at ¶7). The Complaint alleges Behling was compensated $1000.00 per 40-hour work week. (Doc. 1, at ¶8). In addition, the Complaint alleges for at least one week Behling worked over 40 hours but was not compensated at one and one-half the regular rate. (Doc. 1, at

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

¶¶8–11). The Complaint alleges Stahlman's willfully did not compensate Behling's overtime work properly. (Doc. 1, at ¶16). The Complaint also alleges Stahlman misclassified Behling as an exempt employee. (Doc. 1, at ¶7).

## Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Bedasee v. Fremont Inv. & Loan, 2:09-CV-111-FTM29SPC, 2010 WL 98996, at *1 (M.D. Fla. Jan. 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Christopher v. Harbury, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L. Ed.2d 413 (2002)). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir.2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L. Ed.2d 868 (2009). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Bedasee, 2010 WL 98996, at *1 (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Brown v. Crawford Cnty, 960 F.2d 1002, 1009-10 (11th Cir.1992)).

**Discussion**

Stahlman argues the Complaint is deficient and fails to satisfy Federal Rule of Civil Procedure 8(a)(2). Stahlman presents two main arguments in support. First, Stahlman argues there is an insufficient factual basis to determine the nature and scope of Behling's overtime work. Stahlman argues the factual allegations in the Complaint are largely conclusory recitations of statutory language in 29 U.S.C. § 207(a). Second, Stahlman argues no factual basis is given to demonstrate the employer's knowledge of Behling's overtime. For the reasons that follow, the motion is due to be denied.

  A. *Nature and Scope of Overtime*

Stahlman contends the Complaint is insufficient to support Behling's FLSA claim because it does not address specific dates, times, breaks, and amount of overtime worked. Without these facts, Stahlman argues Behling has failed to state a cause of action under the FLSA. In response, Behling argues the Complaint is well-pled consistent with Eleventh Circuit and Middle District of Florida authority.

This Court agrees with Behling. "[T]he Eleventh Circuit has held that the requirements to state a claim of a FLSA violation are straightforward." Vestey v. Publix Super Markets, Inc., 8:13-CV-2281-T-30TBM, 2013 WL 5929061, at *2 (M.D. Fla. Nov. 1, 2013) (citing Secretary of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir.2008)). Plaintiff must show "simply a failure to pay overtime compensation . . . to covered employees, and/or failure to keep payroll records in accordance with the act." Labbe, 319 F. App'x at 763. There is simply no requirement "that the Plaintiff plead the exact or estimated hours of uncompensated time in his complaint." Vestey, 2013 WL 5929061, at *2.

Here, Behling has alleged sufficient facts to give Stahlman "fair notice of the nature of the claim and the grounds upon which it rests." Spigner v. Lessors, Inc., 8:11-CV-420-T-24 MAP, 2011 WL 1466282, at *2 (M.D. Fla. Apr. 18, 2011). Behling alleges he worked as a pool repair technician, he was not responsible for any managerial duties, and he was compensated $1000.00 for a 40-hour work week. Further, Behling alleges he worked over 40 hours on one or more weeks and was not compensated at one and one-half the regular rate. While these statements are not detailed, they are straightforward enough to allow Stahlman to prepare an adequate response to the Complaint. Further uncertainty about an allegation may be cured through discovery. See Spigner, 2011 WL 1466282, at *2. The Court finds Behling has properly stated a claim for unpaid wages under the FLSA. Thus, Stahlman's Motion to Dismiss is due to be denied on this issue.

### B. *Employer's Knowledge of Overtime*

Stahlman argues no factual basis has been alleged to show the employer had actual or constructive knowledge of Behling's overtime. Stahlman relies on Kissel v. U.S. Steakhouse Bar & Grill, Inc., 605CV58ORL-JGG, 2006 WL 2850105 (M.D. Fla. Oct. 3, 2006), and argues actual or constructive knowledge of overtime worked is necessary to establish a *prima facie* case under FLSA. The Court finds Stahlman's argument is misplaced. The Complaint states the violations were willful and intentional. The Complaint also states Behling was misclassified as exempt. The Court finds at this stage in the proceedings, no more is required. See Dobbins v. Scriptfleet, Inc., 8:11-CV-1923-T-24, 2012 WL 601145, at *3 (M.D. Fla. Feb. 23, 2012); Labbe, 319 F. App'x at

[763.](#) The Court finds Behling has sufficiently stated a claim for overtime wages, and Stahlman's Motion to Dismiss is due to be denied on this issue.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss ([Doc. 14](#)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of July, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record