UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA BEHLING, an individual

    Plaintiff,

v.                                            Case No: 2:14-cv-250-FtM-38DNF

STAHLMAN POOL COMPANY,

    Defendant.
_____/

**ORDER[1]**

    This matter comes before the Court on the Parties' Joint Stipulation of Dismissal with Prejudice (Doc. #28) filed on November 24, 2014. In the Stipulation, the Parties contend that "Plaintiff's claims were resolved without compromise, based on information received in informal discovery," and therefore do not require judicial review and approval pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). (Doc. #28).

    In *Lynn's Food Stores, Inc.*, the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1352-55. There are

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

two ways for a claim under the FLSA to be settled or compromised. Id. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. Id. at 1353. The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages. Id. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. Id. at 1353-54.

In this instance, Plaintiff informs the Court that he voluntarily dismisses the Fair Labor Standards Act (FLSA) Complaint with prejudice. Plaintiff represents to the Court that his claim under the FLSA 29 U.S.C. § 201 *et seq.* has been settled in full without compromise of his claim. As the parties agree that Plaintiff has obtained full relief under this agreement, there is no compromise to review, therefore, the settlement is p*er se* fair and reasonable. Stevenson v. RBC Bank USA, Inc., 2011 WL 4412155, *2 (M.D. Fla. August 19, 2011). Plaintiff further asserts that the attorney's fees were determined separately in compliance with Bonetti v. Embarq. Mgmt. Co., 2009 WL 2371407 (M.D. Fla. Aug. 2009)[2]. As such the Stipulation is accepted by the Court and the case is due to be dismissed with prejudice.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Joshua Behling's Complaint (Doc. #1) is **DISMISSED with prejudice**.

---

[2] The *Bonetti* Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement.

2. The Clerk of Court is directed to enter judgment accordingly, terminate all pending motions and previously scheduled deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida, this 25th day of November, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record